CULLEN P. GRANDIN, Appellant, v. JUAN RAMORE MARTINEZ HERNANDEZ, Executor, etc., and Another, Respondents.

*Deed — effect of a failure to seal it — it conveys an equitable title and may be recorded — 2 R. S. (6th ed.), 1151, sec. 72 — description of the premises — the intent of the parties is to be sought for — right of an owner, not made a party to an action of foreclosure, to redeem from the sale.*

In January, 1877, one McAteer being the owner of certain premises incumbered by a mortgage hereinafter referred to, executed and delivered an instrument in the form of a deed, but without a seal, by which he purported to convey a portion of the premises to Dyer. The instrument was executed and acknowledged and recorded as a deed on January 20, 1877. It contained covenants for further assurance, and the attesting clause recited that it was under seal. Thereafter on January 27th, Dyer conveyed the same premises to the plaintiff. The premises were in such last mentioned conveyance erroneously described as being located in the block between Sixth and Seventh avenues instead of being in the block between Fifth and Sixth avenues, but at the end of the description it was stated that the premises were the same as that conveyed to Dyer by McAteer by deed, bearing date the    day of January, 1877, and recorded in the office of the register of the city and county of New York, on the 20th day of January, 1877, in liber·

1403 of conveyances, page , together with and including the premises described in a certain other deed made by and between the same parties aforesaid, bearing date and recorded the same day, in the same liber 1403 of conveyances, page . In April, 1877, proceedings were taken to foreclose a mortgage existing upon the premises when they were conveyed to McAteer, which resulted in a sale thereof.

The plaintiff in this action, who was not made a party to the foreclosure action, thereafter brought this action to redeem.

*Held*, that the instrument executed by McAteer vested in Dyer an equitable right to the property, which would entitle him or his grantees to have the legal title conveyed to him or them by a proper instrument.

That such instrument was entitled to be recorded under section 72 of 2 Revised Statutes (6th ed.), 1151, and when so recorded operated as constructive notice to all persons dealing with the property.

That a careful examination of the deed from Dyer to the plaintiff would have shown the premises intended to be conveyed thereby.

That the plaintiff not having been made a party to the foreclosure action was entitled to redeem.

APPEAL from a judgment in favor of the defendant, entered on the trial of this action at the Special Term.

*John L. Logan*, for the appellant.

*George H. Foster* and *A. C. Brown*, for the respondents.

DANIELS, J.:

The object of this action was to redeem a mortgage upon certain property which had been sold under a judgment for its foreclosure. The plaintiff was not made a party to the action, as it was claimed he should have been, for the purpose of extinguishing his right to or interest in the property.

After the execution and record of the mortgage the owner of the equity of redemption conveyed the property to James McAteer, and this conveyance was properly recorded on the 29th of November, 1876. After that time and in January, 1877, McAteer, the grantee in this deed, executed and delivered an instrument in the form of a deed, but not sealed, to George H. Dyer, for the westerly 150 feet of the property. This instrument was acknowledged and recorded as a deed on the 20th of January, 1877, but for the reason that it was not sealed as well as subscribed by McAteer it was held at the trial to be inoperative as a conveyance of the property. And such undoubtedly it was, for a grant in fee or of a

freehold estate has been required to be sealed as well as subscribed by the person intending to convey the estate, or by his lawful agent. (2 R. S. [6th ed.], 1119, § 158.)

But it does not follow because the instrument was not sealed that it did not convey or transfer to the person named as grantee an equitable interest in the property. The law on the contrary, as it was stated to be by Spencer, Ch. J., in delivering the opinion of the court in *Wendell* v. *Wadsworth* (20 Johns., 659, 662), would entitle the person named as grantee in equity to such a conveyance as would carry into effect what appeared by the informally executed instrument to be the clearly expressed intention of the parties. And such was also the agreement inserted in the instrument for McAteer, for himself, his heirs and assigns agreed that the said party of the first part and his heirs, and all and every other person or persons whatsoever, lawfully or equitably deriving any estate, rights, title or interest of, in or to the hereinbefore granted premises, by, from, under or in trust for him, them, or either of them, shall and will at any time or times hereafter upon the reasonable request, and at the proper costs and charges in the law, of the said party of the second part, his heirs and assigns, make, do and execute, or cause or procure to be made, done and executed, all and every such further and other lawful and reasonable acts, conveyances and assurances in the law, for the better and more effectually vesting and confirming the premises hereby intended to be granted in and to the said party of the second part, his heirs and assigns, forever, as by the said party of the second part, his heirs or assigns, or counsel learned in the law, shall be reasonably devised, advised or required.

This instrument, therefore, created an equitable interest in the land in the person to whom it was executed and delivered. And that entitled him to require the completion of the title by the addition of a seal, or the execution of a further conveyance for this purpose. That it was the intent of McAteer to seal the instrument is clearly evident from the attesting clause, for in that it was recited that he had set his seal as well as his hand to the instrument. And the person named as grantee clearly has the right to require the specific execution of this intention. (*National Bank, etc.,* v. *Lanier,* 7 Hun, 623; 3 R. S. [6th ed.], 141, § 10.)

As it was the effect of this instrument to vest Dyer with an equitable right to the property, it could be lawfully recorded as it was under the authority of the statute, for that has been made to include every instrument in writing by which the title to any real estate may be affected in law or equity. (2 R. S. [6th ed.], 1151, § 72.)

This was such an instrument, for it so far affected the title in equity as to vest Dyer with the right to a complete and effectual conveyance of it.

The proceedings taken to foreclose the mortgage were commenced on or about the 7th of April, 1877, and as this instrument had then been placed upon the records under the authority of the statute, the party instituting the foreclosure, was for that purpose chargeable with constructive notice of that fact. For when an instrument has been lawfully recorded this effect is required to be attributed to the record. The foreclosure proceedings must, therefore, be held to have been carried on subject to this constructive notice.

After the recording of this instrument and on the 27th of January, 1877, Dyer executed and delivered a deed to the plaintiff, by which it has been claimed that he acquired a similar interest to a portion of the property covered by the mortgage. This deed was executed and properly sealed and acknowledged, and it was recorded on the 30th of January, 1877. But in describing the property conveyed by it, that was located in the block between Sixth and Seventh avenues instead of being in the block between Fifth and Sixth avenues. But the interest conveyed was not left to stand alone upon this misdescription, for this was followed by the statement that the property was the same premises conveyed to the said George H. Dyer by James McAteer, by deed bearing date the day of January, 1877, and recorded in the office of the register of the city and county of New York, on the 20th day of January, 1877, in liber 1403 of conveyances, page     , together with and including the premises described in a certain other deed made by and between the same parties aforenamed, bearing date and recorded the same day in the same liber 1403 of conveyances, page     .

This instrument from McAteer to Dyer, called a deed, had been

recorded in the liber mentioned and referred to on the day so stated, and a reference to that record would readily have corrected the mistake made in locating the property, for it would have shown at once that the property was in the block west of Fifth avenue. In construing the deed all these references to the location and description of the land intended to be conveyed are required to be considered. For the object of the law is to ascertain and discover the intention of the parties, and when that may be done, to carry the intention into effect. (2 R. S. [6th ed.], 1130, § 2.)

And by giving its appropriate effect to this latter clause, no difficulty would stand in the way of discovering that the land intended to be conveyed was in part that which had been mentioned and described in the instrument executed by McAteer to Dyer.

The party proceeding with the foreclosure of the mortgage, as well as the purchaser at the sale, were chargeable with notice of the contents of these instruments, for the reason that they had been lawfully recorded. And the latter must accordingly be held to have made his purchase in subordination to the right of the plaintiff to secure, by a redemption, the legal title to such property. That interested him in it so far as to render him a necessary party for the effectual foreclosure and sale of the equity of redemption in the estate. It is rare that such a succession of blunders is to be found in important documents of this nature, but notwithstanding their existence the plaintiff is entitled to relief, if that can be secured to him under the operation of the settled principles of equitable jurisprudence. And that it can be would seem to follow from the consideration already given to these instruments. As the plaintiff's interest was not extinguished by the foreclosure and sale, for the reason that he was not made a party to the action, he still remained vested with it, and entitled, by reason of it, to redeem so much of the mortgaged property from the foreclosure as may be included within the terms of the instrument executed and delivered by Dyer to him. (*Peabody* v. *Roberts*, 47 Barb., 92.)

The judgment in the case should be reversed and a new trial ordered, but without costs.

DAVIS, P. J., and BRADY, J., concurred.

Judgment reversed, new trial granted, without costs.